[No. E024780. Fourth Dist., Div. Two. Mar. 16, 2000.]

INTER MOUNTAIN MORTGAGE, INC., Plaintiff and Appellant, v. SAM SULIMEN et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 4 and 5.

COUNSEL

Dorsey & Whitney and Juan C. Basombrio for Plaintiff and Appellant.

Law Offices of Nona Williams and Nona Williams for Defendants and Respondents.

OPINION

GAUT, J.—Plaintiff Inter Mountain Mortgage, Inc, appeals summary judgment entered in favor of defendants, Sam Sulimen and American Frontier Financial Group (American Frontier). This action arises from an alleged fraudulent loan transaction scheme perpetrated by one of defendants' loan representatives, Paul Baskaron, against Inter Mountain Mortgage, the mortgage loan brokerage that processed the fraudulent loan.

Inter Mountain Mortgage filed a complaint against defendants for (1) fraud, (2) negligence, and (3) equitable indemnity. Inter Mountain Mortgage contends that, as to the first cause of action, a triable issue exists as to whether defendants were vicariously liable for Baskaron's fraudulent acts. Inter Mountain Mortgage also contends there was evidence supporting its causes of action for negligence and equitable indemnity.

We reverse the judgment on the ground triable issues exist as to whether defendants were vicariously liable for Baskaron's fraudulent acts alleged in the first cause of action. For purposes of this appeal, defendants concede there are triable issues as to whether Baskaron committed fraud and whether he was employed as defendants' agent at the time of the fraudulent loan transaction. Nevertheless, defendants claim it is undisputed that Baskaron was not acting within the course of his agency or employment when he committed the alleged fraud. We disagree. There is evidence raising a triable issue in this regard.

In addition, defendants failed to meet their initial burden of proof as to the third cause of action for equitable indemnity. And although there was no evidence refuting summary judgment as to the second cause of action for negligence, defendants did not alternatively request summary adjudication. We, therefore, reverse the trial court's ruling granting summary judgment as to the entire complaint.

## 1. *Facts*[1]

During the course of events leading to this lawsuit, defendant American Frontier was in the business of soliciting mortgage loans, and Sulimen was a licensed real estate broker doing business as American Frontier Financial Group. In September 1994, Sulimen hired Baskaron, a licensed real estate agent, to work at American Frontier as a loan representative.

Between November 1994 and March 1995, Baskaron submitted a mortgage loan package to Inter Mountain Mortgage loan representative Gabrielle Escutia. It was later determined that the designated borrower, Estelle Brown, never authorized the transaction and the amount of the requested loan far exceeded the value of the mortgage property.

Escutia processed the Brown loan. Baskaron, acting as the loan agent, provided her with all of the necessary loan documentation, including a property appraisal, which initially had been prepared for American Frontier as the original prospective lender. Before submitting the loan to Inter Mountain Mortgage, Baskaron had presented it to Sulimen, but Sulimen rejected it.

The Brown loan was for $600,000. The loan application submitted to Inter Mountain Mortgage stated a property purchase price of $800,000, whereas the true value of the property was $480,000.

Merit Mortgage Services funded the loan through Inter Mountain Mortgage, and then later sued Inter Mountain Mortgage for its losses incurred in funding the fraudulent loan. Inter Mountain Mortgage paid Merit $290,000 in settlement of Merit's lawsuit, and then brought the instant action against American Frontier, Sulimen, and various other defendants which it believed were involved in the fraudulent loan transaction.

Plaintiff's complaint contains three causes of action against defendants: (1) vicarious liability based on Baskaron's perpetration of loan fraud, (2) negligent supervision of Baskaron and failure to disclose to Inter Mountain Mortgage that defendants had previously rejected the Brown loan, and (3) equitable indemnity. The trial court granted defendants' motion for summary judgment.

## 2. *Motion for Summary Judgment Standard of Review*

Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd.

---

[1] These facts appear to be undisputed and are based upon evidence submitted by the parties in connection with defendants' motion for summary judgment.

(c).) ■ In determining whether the defendant has satisfied his initial burden of proof under Code of Civil Procedure section 437c, subdivision (o)(2), "we decide 'de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. [Citation.] In other words, we must assume the role of the trial court and reassess the merits of the motion. [Citation.] In doing so, we will consider only the facts properly before the trial court at the time it ruled on the motion. [Citation.]' (*Brantley* [v. *Pisaro*] (1996) 42 Cal.App.4th [1591] at p. 1601 [50 Cal.Rptr.2d 431].) [¶] We carry out our appellate function by applying the same three-step analysis required of the trial court. We first identify the issues framed by the pleadings . . . . Second, we determine whether the moving party's showing has satisfied his burden of proof and justifies a judgment in movant's favor. When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable issue of material fact. (*Brantley, supra,* 42 Cal.App.4th at p. 1602.)" (*Tibor* v. *Superior Court* (1997) 52 Cal.App.4th 1359, 1369 [61 Cal.Rptr.2d 326].)

### 3. *Vicarious Liability for Baskaron's Fraud*

Inter Mountain Mortgage contends the trial court erred in granting defendants' summary judgment motion as to the first cause of action for fraud because there was evidence that defendants were vicariously liable for Baskaron's fraudulent conduct.

In the first cause of action, Inter Mountain Mortgage alleged that: American Frontier was a mortgage broker; Sulimen did business under the name of American Frontier; American Frontier was the alter ego of Sulimen; American Frontier and Sulimen employed Baskaron as a real estate agent and loan representative; Baskaron and other individuals falsely used the name of Estelle Brown and her Social Security number to create a false borrower in fraudulent real estate loan transactions by means of a double escrow; using the name of Estelle Brown, Baskaron completed a false loan application package and submitted it to Inter Mountain Mortgage for a $600,000 loan; Baskaron forged Brown's signature on various loan documents; and, as a consequence of Baskaron's (and other codefendants') acts, Inter Mountain Mortgage sustained $290,000 in damages arising from funding the fraudulent loan. Inter Mountain Mortgage further asserts in the first cause of action that American Frontier and Sulimen, as Baskaron's employer, were vicariously liable for his fraudulent acts.

In defendants' summary judgment motion, defendants argued that (1) when Baskaron committed the allegedly fraudulent conduct, he was not

acting within the course and scope of his agency with American Frontier and (2) Baskaron was never Sulimen's agent. The trial court's grounds for granting summary judgment in favor of defendants, as stated in the order granting summary judgment, are as follows: "[A]t the time of the Talcey Terrace[2] purchase, Mr. Baskaron was not acting as an agent for American Frontier, nor for Mr. Sulimen, and therefore neither of said parties owed any duty to [Inter Mountain Mortgage] to notify them as to Mr. Baskaron's possibly fraudulent conduct. There is no evidence provided supporting a claim of negligence on the part of either American [F]rontier of [sic] Sulimen. The third cause of action, for equitable indemnity, rests on the respondeat superior and negligence theories of the first and second causes of action, and as those theories fail, so does the third cause of action."

Not only was there evidence of ostensible agency,[3] refuting the trial court's finding that Baskaron was not acting as defendants' agent at the time of the fraudulent loan transaction,[4] but, in addition, a finding of agency was not even required for purposes of establishing vicarious liability based on the doctrine of respondeat superior.

█ Under the doctrine of respondeat superior, "an employer is vicariously liable for the torts of its employees committed within the scope of the employment." (*Lisa M. v. Henry Mayo Newhall Memorial Hospital* (1995) 12 Cal.4th 291, 296 [48 Cal.Rptr.2d 510, 907 P.2d 358].) An employee's actions need not benefit the employer (*id.*, at p. 297; *Bailey v. Filco, Inc.* (1996) 48 Cal.App.4th 1552, 1560 [56 Cal.Rptr.2d 333]). And "an employee's willful, malicious and even criminal torts may fall within the scope of his or her employment for purposes of respondeat superior, even though the employer has not authorized the employee to commit crimes or intentional torts." (*Lisa M., supra*, at pp. 296-297.) "The employer is liable not because the employer has control over the employee or is in some way at fault, but because the employer's enterprise creates inevitable risks as a part of doing business. [Citations.] Under this theory, an employer is liable for 'the risks inherent in or created by the enterprise.'" (*Bailey, supra*, at p. 1559.)

---

[2] The mortgage property, which was supposedly securing the Brown mortgage loan, was located on Talcey Terrace, in Riverside.

[3] Such evidence includes Baskaron's employment with defendants during the fraudulent transaction; California Department of Real Estate public records reflecting he was working for Sulimen at the time of the transaction; and Escutia's deposition testimony and declaration stating that Baskaron represented to her and led her to believe that he was acting as a loan representative for defendants during the processing of the Brown loan.

[4] We need not consider liability based on ostensible agency since the complaint does not assert such theory and there is sufficient evidence raising a triable issue as to vicarious liability based on the theory of respondeat superior. Vicarious liability based on the tort doctrine of respondeat superior and direct liability based on the theory of actual or ostensible agency are different liability theories which cases do not always distinguish between. (2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, § 140, p. 138.)

 Conduct committed within the scope of employment for purposes of respondeat superior liability requires "a nexus between the employee's tort and the employment to ensure that liability is properly placed upon the employer." (*Bailey v. Filco, Inc., supra,* 48 Cal.App.4th at p. 1560.) "The nexus required for respondeat superior liability—that the tort be engendered by or arise from the work—is to be distinguished from 'but for' causation. That the employment brought tortfeasor and victim together in time and place is not enough. . . . [T]he incident leading to injury must be an 'outgrowth' of the employment [citation]; the risk of tortious injury must be ' "inherent in the working environment" ' [citation] or ' "typical of or broadly incidental to the enterprise [the employer] has undertaken" ' [citation]." (*Lisa M. v. Henry Mayo Newhall Memorial Hospital, supra,* 12 Cal.4th at p. 298, fn. omitted.)

The employee's tortious conduct must also be " 'a generally foreseeable consequence of the activity.' In this usage, . . . foreseeability 'merely means that in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.' " (*Lisa M. v. Henry Mayo Newhall Memorial Hospital, supra,* 12 Cal.4th at p. 299.)

 Generally, the determination of whether an employee has acted within the scope of employment is a question of fact. But it becomes a question of law for our independent consideration when " ' "the facts are undisputed and no conflicting inferences are possible." ' " (*Lisa M. v. Henry Mayo Newhall Memorial Hospital, supra,* 12 Cal.4th at p. 299.)

 In the instant case, there was evidence raising a triable issue, if not establishing, that when Baskaron engaged in the alleged fraudulent loan transaction, he did so within the scope of his employment. Defendants concede on appeal that there were triable issues of fact as to whether Baskaron committed the alleged fraud and that he was employed by defendants during the Brown loan transaction. Hence, the only other possible basis for the trial court finding as a matter of law that defendants were not vicariously liable would be a finding that Baskaron was not acting within the scope of employment.

We conclude there was an abundance of evidence that Baskaron was acting within the scope of employment when he committed the alleged fraud. The Department of Real Estate License Certification for Baskaron shows that Baskaron was employed by Sulimen from September 4, 1994,

until May 1, 1995. The Inter Mountain Mortgage Uniform Residential Loan Application and Federal Truth-in-Lending Disclosure Statement for the Brown loan are dated December 12th and 13th, of 1994. The Brown loan application was submitted on an American Frontier loan application form. Escutia stated in her declaration that throughout the period of November 1994 through March 1995, Baskaron represented to her that he was an American Frontier loan representative and real estate agent; and based on such representations, Escutia processed the Brown loan. Escutia further stated during her deposition that Baskaron submitted a property appraisal originally made for American Frontier. Sulimen testified during his deposition that he hired Baskaron in September or October of 1994, and during that time Sulimen was doing business as American Frontier. Sulimen further testified that Baskaron's job title while working for Sulimen was loan representative.

According to this evidence, the alleged fraudulent loan transaction occurred during Baskaron's employment with defendants as a loan representative. And, according to Escutia, Baskaron led her to believe that when he submitted the Brown loan to Inter Mountain Mortgage, he was performing his job duties as an American Frontier loan representative. Under such circumstances, a nexus existed between Baskaron's alleged tort, the fraudulent loan transaction, and his employment as a loan representative. The risk of one of defendants' loan representatives submitting a fraudulent loan application, such as the Brown loan application, was a generally foreseeable risk inherent and incidental to defendants' mortgage loan brokerage business. Baskaron's employment as a loan representative placed him in the position of being able to submit fraudulent loan applications. Such an occurrence was " 'not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.' " (*Lisa M. v. Henry Mayo Newhall Memorial Hospital, supra,* 12 Cal.4th at p. 299.) While defendants may not have known of his alleged fraudulent conduct, they are vicariously liable for such conduct if Baskaron committed the fraud while holding himself out as an American Frontier loan representative.

Even though there may have been conflicting evidence that Baskaron did not commit fraud, was not employed by Sulimen and/or American Frontier at the time of the Brown loan transaction, and was not acting within the scope of his employment during the loan transaction, we conclude there was sufficient evidence to the contrary, raising triable issues as to whether defendants are vicariously liable for Baskaron's alleged fraudulent conduct. Hence, the trial court erred in granting summary as to the first cause of action for fraud.

4., 5.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Disposition*

Judgment is reversed. Inter Mountain Mortgage is awarded its costs on appeal.

Ramirez, P. J., and Hollenhorst, J., concurred.

---

*See footnote, *ante*, page 1434.