NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNIE MA, | No. 24-3567 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-09456-MWF-AGR |
| v. | |
| BANK OF AMERICA, N.A., (erroneously also sued as Bank of America Corporation); JANE DOE; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 14, 2025
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Annie Ma appeals the district court's order dismissing her claims of financial

elder abuse under California Welfare & Institutions Code § 15610.30 ("California

Financial Elder Abuse Law") and California's Unfair Competition Law ("UCL"),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Cal. Bus. & Prof. Code § 17200, *et seq*. Ma also appeals the district court's order denying her motion to conduct jurisdictional discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's judgment granting a motion to dismiss for failure to state a claim, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (citation omitted), and a district court's decision to grant or deny jurisdictional discovery for abuse of discretion, *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). We reverse.

1. Ma's complaint alleges a claim under subdivision (a)(2) of the California Financial Elder Abuse Law, which prohibits "[a]ssist[ing] in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(2). As to the required mental state, a plaintiff must allege that the defendant "knew of the third party's wrongful conduct." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 745 (2010); *see also Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005) ("California courts have long held that liability for aiding and abetting [an intentional tort] depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted.").

Ma argues that Bank of America, N.A., ("BANA") is liable under subdivision (a)(2) because Jane Doe "was a part of the scam," and BANA "has

2

imputed knowledge through the knowledge of . . . Jane Doe."  Under California's

general agency law, "the knowledge of the agent in the course of his or her agency

is the knowledge of the principal."  *In re Marriage of Cloney*, 91 Cal. App. 4th

429, 439 (2001) (citation modified); *see also* Cal. Civ. Code § 2332.  For an

employer to be vicariously liable for its employee's actions, "the torts of its

employees [must be] committed within the scope of the employment."  *Lisa M. v.*

*Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296 (1995) (citation omitted).

The California Supreme Court has interpreted the scope of employment broadly.

*Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1004 (1995).  An

employee's actions need not benefit the employer, and "an employee's willful,

malicious and even criminal torts may fall within the scope of his or her

employment for purposes of respondeat superior, even though the employer has not

authorized the employee to commit crimes or intentional torts."  *Lisa M.*, 12 Cal.

4th at 296–97 (citation omitted).  "The employer is liable not because the employer

has control over the employee or is in some way at fault, but because the

employer's enterprise creates inevitable risks as a part of doing business."  *Inter*

*Mountain Mortg., Inc. v. Sulimen*, 78 Cal. App. 4th 1434, 1440 (2000) (internal

quotation marks and citation omitted).

A California court of appeal applied the above principles and reversed "a

trial court's holding that a licensed real estate broker's submission of a fraudulent

3

loan application was not within the scope of his employment." *Xue Lu v. Powell*, 621 F.3d 944, 949 (9th Cir. 2010) (citing *Inter Mountain Mortg., Inc.*, 78 Cal. App. 4th at 1440). "The court of appeal noted that throughout the transaction the broker, acting to enrich himself, represented himself as the agent of the employer providing the documentation necessary for the loan." *Id.* "The risk of a fraudulent application was a generally foreseeable risk inherent and incidental to defendants' mortgage loan brokerage business." *Id.* (internal quotation marks and citation omitted).

Here, Ma's complaint alleges that Jane Doe, a BANA customer representative, was "working within her scope of employment to greet [her] and assist" her in her inquiry (to track down a Merrill Lynch office). It is difficult to contemplate a task better suited for a customer representative than providing information—like phone numbers—to customers. And if Jane Doe were a customer representative responsible for greeting and assisting customers with their inquiries, sharing erroneous information with customers could be "a generally foreseeable risk inherent and incidental to [BANA's banking] business." *See Inter Mountain Mortg., Inc.*, 78 Cal. App. 4th at 1442. This allegation is sufficient to plead that Jane Doe was acting within the scope of her employment. Thus, any knowledge Jane Doe had would be imputed to BANA.

4

Next, Ma repeatedly alleges that Jane Doe "direct[ed] Plaintiff to contact scammers perpetrating the 'Chinese Authorities Scam'"; "connect[ed] Plaintiff with the scammers"; "told [her] to call the number on the piece of paper because they would be able to help her"; "instructed [Ma] to call" the number that resulted in the scam; and "actually assisted and knew she was conducting a scam that preyed upon" Ma. Accepting Ma's factual allegations as true, and "constru[ing] them in the light most favorable" to her, *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981 (9th Cir. 2017), a reasonable inference can be drawn that Jane Doe participated in the scam and thus had actual knowledge of it.[1]

Although Ma's subdivision (a)(2) claim survives, Ma fails to allege sufficient facts to support a claim under subdivision (a)(1). Ma does not allege that Jane Doe or BANA took or obtained her property for a wrongful use. Cal. Welf. & Inst. Code § 15610.30(a)(1).

2. Ma also alleges a claim under the UCL. "The UCL is a broad remedial statute" that prohibits "unfair competition," which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. . . ." *Lozano v. AT & T Wireless Servs., Inc.*, 504

---

[1] In response to Ma's contention that Jane Doe had knowledge of the scam, BANA asserts several factual contentions that not only seem less plausible than Ma's but highlight that this is a factual issue, which is improper to resolve at the motion to dismiss stage.

F.3d 718, 731 (9th Cir. 2007) (quoting Cal. Bus. & Prof. Code § 17200). Ma's unlawful business practice claim rises and falls with her elder abuse claim, as "[v]irtually any law—federal, state or local—can serve as a predicate" for a claim under California's UCL. *AICCO, Inc. v. Ins. Co. of N. Am.*, 90 Cal. App. 4th 579, 587 (2001) (citation omitted). As to Ma's claim under the unfairness prong and deceptive advertising prong, we agree with the district court that Ma did not sufficiently plead these claims. Upon remand, the district court shall determine whether it has equitable jurisdiction over Ma's UCL claim, and if not, dismiss it without prejudice. *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313–14 (9th Cir. 2022); *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1141–42 (9th Cir. 2025).

3. The district court did not abuse its discretion in denying jurisdictional discovery. When it comes to removal, "[t]he citizenship of fictitious defendants is disregarded . . . and becomes relevant *only if and when* the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added) (citing 28 U.S.C. §§ 1441(a) and 1447(e)). It is undisputed that Jane Doe's citizenship was irrelevant at the time of removal, and because Ma never sought leave to substitute a named defendant for Jane Doe, the district court unquestionably retained jurisdiction during the entirety of the proceedings. Accordingly, because Jane Doe's identity must be disregarded in removal, it was unnecessary for the court to allow jurisdictional discovery. *See id.*

6

However, should Ma seek leave to substitute a named defendant for Jane Doe after discovery, the district court may reevaluate its jurisdiction then.

**REVERSED in part and REMANDED.**